UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID MICHAEL FLAHERTY,   No. 11-12667

Debtor(s).
_____/

Memorandum on Motion to Avoid Judicial Lien
_____

Debtor David Flahery filed his Chapter 7 petition on July 14, 2011, scheduling his home at 155 Rock Hill Drive, Tiburon, California, as being worth $1.96 million. At that time, there was an obligation in the amount of $2.29 million secured by a first deed of trust. Creditor Bank of America holds a judgment lien for $1.9 million which is junior to the deed of trust. Pursuant to § 522(f)(1)(A) of the Bankruptcy Code, Flaherty has moved for avoidance of the judgment lien.[1]

Pursuant to § 522(f)(2)(A), the lien is avoidable in full if the value of the property was not more than the amount owed on the deed of trust. The valuation date is the date the petition was filed. *In re Chu*, 266 B.R. 743, 751 (9th Cir.BAP 2001); *In re Kim*, 257 B.R. 680, 685 (9th Cir.BAP 2000); *In re Wolf*, 248 B.R. 365, 367–68 (9th Cir.BAP 2000); *In re Rowe*, 236 B.R. 11, 14 (9th Cir.BAP 1999).

---

[1] For the sake of clarity, the court notes that the deed of trust is also held by Bank of America but that fact is irrelevant. Only its judgment lien is at issue here.

1

Both Flaherty and Bank of America produced expert valuation testimony from qualified appraisers. The Bank's expert fixed the value of the property at all times as being $2.7 million. Flaherty's expert valued the property at $1.96 million as of March 8, 2011, $1.75 million as of the bankruptcy filing, and $2.3 million as of April 2, 2012.

The court finds the expert opinion of Flaherty's appraiser to be persuasive. She is much more familiar with the Tiburon area than the Bank's appraiser. Her appraisal seems very detailed and reasoned. The Bank's appraiser did not attempt to reach a value by making adjustments to other comparable sales, as Flaherty's appraiser did. The Bank's appraiser relied primarily or exclusively on information available on the Internet and did not use Multiple Listing Service, as Flaherty's appraiser did. While both appraisers appeared expert and competent, after listening to the testimony and reviewing the appraisals the court is left with the firm conviction that the value urged by Flaherty is the more accurate value.

From all of the evidence presented, the court finds that the value of Flaherty's home on the date of his bankruptcy filing was approximately $2 million, which is well below the amount he owed on the deed of trust on that date. Accordingly, the court will grant his motion and avoid the judgment lien. Counsel for Flaherty shall submit an appropriate form of order.

Dated: September 12, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2